UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 20-3423 AB (PVCx) | Date:  April 23, 2020 |
| Title   Brett Andrew v. Daniel Austin Walzl | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:**   **[IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED FOR LACK OF JURISDICTION (Dkt. No. 2)**

On April 13, 2020, Petitioner Brett Andrew, who also identifies himself as "Brett Andrew: House of Nelson" or "Brett Andrew Nelson," a Colorado resident proceeding *pro se*, filed a document captioned "Motion to Confirm Forigen Judgement [sic] Award" pursuant to 9 U.S.C. § 9.  ("Motion," Dkt. No. 1, at 3).  The Motion is supported by a Memorandum of Law, (*id.* at 4-8), a copy of an alleged arbitration award, (*id.* at 9-14), a "Cover Sheet Motion to Confirm Forigen Judgement [sic] Award," (*id.* at 1-2), and an "Affidavit of Process" attesting that a copy of the Motion was served on Ashley Morgan Burgemeister, who is not a named Respondent, in Alamosa County, Colorado on April 6, 2020.  (*Id*. at 15).

Petitioner claims to have obtained an arbitration award in the amount of $6,898,000.00 against the sole named Respondent, Daniel Austin Walzl, a Colorado state court judge.  Petitioner brings this action under the Federal Arbitration Act (FAA) to confirm the purported arbitration award.  Although Petitioner asserts that he and Respondent "entered into an agreement which provided that the parties would settle any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-3423 AB (PVCx)                                    Date:  April 23, 2020

Title        Brett Andrew v. Daniel Austin Walzl

dispute arising out of the agreement by arbitration according to Brett Jones, Arbitrator," he does not attach a copy of the parties' alleged agreement to the Motion.

Prior to filing the instant action in this Court, on April 9, 2020, Petitioner filed an *identical* action in the District of Colorado against the same Respondent seeking an order confirming the same purported arbitration award in the same amount as this action.  *See Brett Andrew: House of Nelson v. Daniel Austin Walzl*, D. Colo. Case No. 20-1012 LTB (GPG).  Like the instant action, the Colorado action includes a "Motion to Confirm Forigen Judgement [sic] Award," (*id.*, Dkt. No. 3, at 1), a Memorandum of Law, (*id.* at 2-6), a copy of the alleged arbitration award, (*id.* at 7-12), a "Cover Sheet Motion to Confirm Forigen Judgement [sic] Award," (*id.* at 13-14), and an "Affidavit of Process" reflecting that a copy of the Motion was served on Ashley Morgan Burgemeister in Alamosa County on April 6, 2020.  (*Id.* at 15).  The Court's page-by-page comparison of the documents filed in the two actions reveals that the papers filed in this Court are simply verbatim copies of the papers filed in the Colorado action.  The Magistrate Judge in the Colorado action has issued a recommendation that the action be dismissed for lack of subject matter jurisdiction.  (*See generally id.*, Dkt. No. 8).  To date, the recommendation of the Magistrate Judge in the Colorado action has not yet been adopted and judgment has not yet been entered.

Pending before this Court is Petitioner's request to proceed *in forma pauperis*. (Dkt. No. 2).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."  *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987). "An in forma pauperis complaint is frivolous if 'it had no arguable substance in law or fact.'"  *Id.* (quoting *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985).  Here, Petitioner's Motion may be frivolous because it appears that the Court lacks jurisdiction over this FAA matter.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of America*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-3423 AB (PVCx)                                          Date: April 23, 2020

Title       Brett Andrew v. Daniel Austin Walzl

511 U.S. 375, 377 (1994).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989).  The burden to establish federal jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.  Statutes conferring jurisdiction on federal courts must be strictly construed. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction.

Petitioner brings this action under the FAA to confirm an alleged arbitration award.  To determine whether a federal court has jurisdiction over an arbitration confirmation case under the FAA, the court must first determine whether it has an independent basis for federal jurisdiction.  *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) (applicants in federal district court seeking confirmation of an arbitration award under 9 U.S.C. § 9 must demonstrate independent grounds of federal subject matter jurisdiction irrespective of the FAA).  A federal court has jurisdiction over a petition invoking the FAA "if the federal court would have jurisdiction over the underlying substantive dispute." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).  Second, the parties must have agreed that any eventual arbitration award would be subject to judicial confirmation.  *See* 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award[.]").

As to step one of the inquiry, there are two statutory bases for federal subject matter jurisdiction:  federal question jurisdiction under 28 U.S.C. § 1331 and diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-3423 AB (PVCx)                                     Date:  April 23, 2020

Title        Brett Andrew v. Daniel Austin Walzl

jurisdiction under 28 U.S.C. § 1332.  For federal question jurisdiction, § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  For diversity jurisdiction, § 1332(a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

Petitioner invokes federal question jurisdiction under 28 U.S.C. § 1331 and specifically identifies § 9 of the FAA as the source of the federal question.  However, Petitioner's reliance on § 9 of the FAA appears misplaced.  As the Supreme Court has explained:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction.  It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983); *see also Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993) (explaining that the Supreme Court "has unequivocally held that the [Federal Arbitration] Act 'does not create *any* independent federal-question jurisdiction.'") (emphasis in original; quoting *Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984)).  Therefore, because the "FAA is not a jurisdictional grant, . . . federal courts may only hear claims under the Act when there is an independent basis for federal jurisdiction." *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1103 n.4 (9th Cir. 2003).

"A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 20-3423 AB (PVCx) | Date: April 23, 2020 |
| Title Brett Andrew v. Daniel Austin Walzl | |

(2006) (alterations in original; internal quotation marks omitted) ).  Petitioner does not allege facts demonstrating that federal law creates the cause of action or that his right to relief depends on resolution of a substantial question of federal law.  Accordingly, Petitioner does not appear to have met his burden to establish federal question jurisdiction under § 1331.

Petitioner also fails to allege facts establishing that diversity jurisdiction under § 1332 is appropriate because he alleges that all of the parties are citizens of Colorado. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

Even if Petitioner had established that this Court has an independent basis for jurisdiction over the instant matter, he has not adequately established the existence of an agreement between the parties to be bound by arbitration.  "A petitioner seeking the confirmation of a foreign arbitral award satisfies its burden by submitting copies of (1) the award and (2) the agreement to arbitrate." *Pharmaniaga Berhad v. E*HealthLine.com, Inc.*, 344 F. Supp. 3d 1136, 1141 (E.D. Cal. 2018), appeal dismissed sub nom. *Pharmaniaga Berhad v. EHealthLine.com, Inc.*, 2018 WL 6918873 (9th Cir. Dec. 21, 2018).  Although Petitioner *alleges* that such an agreement exists, he did not attach it to the Motion.

Finally, even if the Court had an independent basis for jurisdiction and Petitioner were able to submit a copy of the parties' purported agreement to be bound by arbitration, this action is *entirely* duplicative of the identical action that Petitioner filed first in the District of Colorado.  Where duplicative actions are proceeding in different courts, "the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by . . . dismissing, staying, or transferring the later-filed suit." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002); *see also R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 974–75 (9th Cir. 2011) ("[C]ourts usually avoid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 20-3423 AB (PVCx) | Date: April 23, 2020 |
| Title Brett Andrew v. Daniel Austin Walzl | |

duplicative litigation when similar cases are pending in two different federal courts . . . .") (emphasis omitted).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE**, within **ten days** of this order, why the Magistrate Judge should not recommend that Petitioner's request to proceed *in forma pauperis* be denied for lack of jurisdiction. Petitioner may discharge this order by filing a declaration, under oath, that (1) identifies the Court's independent basis for jurisdiction in this matter, (2) attaches a copy of the parties' agreement to be bound by arbitration, and (3) explains why this Court should not defer to the jurisdiction of the District of Colorado for the adjudication of Petitioner's identical action.

**Petitioner is expressly cautioned that the failure to respond to this order by the Court's deadline will result in a recommendation that Petitioner's *in forma pauperis* application be denied for lack of jurisdiction.** Alternatively, instead of responding to this order, Petitioner may voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a). **A blank form Notice of Dismissal is attached for Petitioner's convenience.**

IT IS SO ORDERED.

| | 00:00 |
|---|---|
| Initials of Preparer | mr |